IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

STEPHEN R. LUDWIG. CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | | |
|---|---|---|
| JAY MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: **1:11CV180** PPS |
| | ) | |
| SONY ELECTRONICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND JURY DEMAND

Plaintiff, JAY MOORE, by counsel, for his Complaint against Defendant, SONY ELECTRONICS, INC., alleges and says:

### PARTIES

1.     At all times relevant, Jay Moore ("Moore") was and is an Indiana resident, who resides at 211 W. Oak Street, Butler, Indiana 46721.

2.     At all times relevant, Sony Electronics, Inc. ("Sony"), was and is a California corporation with its principal place of business at 16530 Via Esprillo, San Diego, California 92127.

3.     At all times relevant, Sony was and is in the business of designing, manufacturing, and selling televisions, among other consumer electronic products.

### JURISDICTION AND VENUE

4.     Pursuant to 28 U.S.C. §1332(a)(1), this Court has jurisdiction over this Complaint because this matter is a civil action where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5.      Pursuant to 28 U.S.C. §1391(a)(2) and 28 U.S.C. § 1391(b)(2), this Court is the proper venue in that a substantial part of the acts or omissions giving rise to the claim occurred in this venue.

## GENERAL ALLEGATIONS

6.      Moore repeats and realleges paragraphs 1 through 5, and sets them forth as paragraph 6.

7.      On and before 2007, Sony designed, manufactured, and marketed a 40 inch LCD flat screen television ("TV"). Sony publically represented that the TV was safe and free from latent defects when it was placed into the stream of commerce.

8.      On or about 2007, Moore purchased the TV manufactured by Sony.  When Moore purchased the TV and when the TV was sold, the TV's power supply was unreasonably dangerous and defectively designed and manufactured.

9.      From 2007 until December 2, 2010, the TV was in Moore's home and was not altered or changed in any way.

10.     On or about December 2, 2010, a fire occurred in Moore's home, which began at the power supply of the TV.

11.     The fire spread from the TV to the remaining parts of Moore's home, causing damage to Moore's real and personal property in an amount in excess of $180,000.

## COUNT I - STRICT LIABILITY

12.     Moore repeats and realleges paragraphs 1 through 11, and sets them forth as paragraph 12.

13.     Sony is in the business of designing, manufacturing, and selling televisions, and other consumer electronic products. Sony is strictly liable to Moore for designing,

manufacturing, and placing into the stream of commerce the TV which was unreasonably dangerous for its reasonably foreseeable uses.

14.     At all times relevant, Moore used the TV for its ordinary and intended purpose.

15.     On December 2, 2010, the TV was in the same or substantially the same condition as when it left Sony's control.

16.     The TV was unreasonably dangerous and defective on and before the date Moore purchased it because the TV's power supply had a propensity to malfunction and cause a fire.

17.     As a direct, foreseeable, and proximate result of the unreasonably dangerous and defective condition, the TV caught fire, causing damage to Moore's real and personal property in an amount in excess of $180,000.

WHEREFORE, Plaintiff, Jay Moore, demands judgment against Defendant, Sony Electronics, Inc., in an amount in excess of one hundred eighty thousand dollars ($180,000), together with interest and costs, and for all other just and proper relief in the premises under Fed. R. Civ. P. 54(c).

### COUNT II - NEGLIGENCE

18.     Moore repeats and realleges paragraphs 1 through 17, and sets them forth as paragraph 18.

19.     At all times relevant, Sony had a duty to exercise reasonable care and caution in the design, manufacture, and inspection of the TV so as not to cause harm to Moore's property.

20.     Sony also had a duty to reasonably warn Moore of the dangers about the TV and/or give reasonably complete instructions on the TV's proper use.

21.     Notwithstanding the aforementioned duty and in breach thereof, Sony committed one or more of the following negligent acts and/or omissions.

3

a.   Carelessly, negligently, and improperly failed to design the TV in a good
and workmanlike manner;

b.   Carelessly, negligently, and improperly failed to manufacture the TV in a
good and workmanlike manner;

c.   Carelessly, negligently, and improperly failed to inspect and test the TV to
ensure that it was designed and manufactured in a good and workmanlike
manner;

d.   Carelessly, negligently, and improperly failed to warn of the TV's
dangerous nature and/or carelessly, negligently, and improperly failed to
give complete instructions on the TV's proper use; and

e.   Was otherwise careless and negligent by placing the defective TV into the
stream of commerce.

22.   As a direct and proximate result of one or more of Sony's negligent acts and/or

omissions, on or about December 2, 2010, a fire started by the TV, damaged Moore's home,

resulting in damage to Moore's real and personal property in an amount in excess of $180,000.

WHEREFORE, Plaintiff, Jay Moore, demands judgment against Defendant, Sony

Electronics, Inc., in an amount in excess of one hundred eighty thousand dollars ($180,000),

together with interest and costs, and for all other just and proper relief in the premises under Fed.

R. Civ. P. 54(c).

## COUNT III – GROSS NEGLIGENCE

23.   Moore repeats and realleges paragraphs 1 through 22, and sets them forth as

paragraph 23.

24.   Further, each of the above-described and foregoing acts and/or omissions of Sony

were more than momentary thoughtlessness, inadvertence, or error of judgment.  Such acts

and/or omissions constituted such an entire want of care as to establish that they were the result

of an actual conscious indifference to the rights, welfare, property, and/or safety of Moore, and

persons affected by them, and as such constitute gross negligence.  Moore is therefore, entitled to

4

recover judgment against Sony for exemplary damages for such gross negligence and heedless and reckless disregard of Moore's rights, welfare, property, and/or safety.

WHEREFORE, Plaintiff, Jay Moore, demands judgment against Defendant, Sony Electronics, Inc., in an amount in excess of one hundred eighty thousand dollars ($180,000), for the costs of this action, exemplary or punitive damages, for prejudgment and post-judgment interest, for reasonable attorney's fees and for all other just and proper relief in the premises under Fed. R. Civ. P. 54(c).

<strong>COUNT IV - BREACH OF IMPLIED WARRANTY</strong>

25.     Moore repeats and realleges paragraphs 1 through 24, and sets them forth as paragraph 25.

26.     When Sony sold the TV that Moore bought, Sony knew of the particular purpose for which the TV was intended.

27.     Sony impliedly warranted the TV as merchantable and fit for its particular purpose.

28.     Sony breached its implied warranties associated with the TV by delivering a defective TV because the power supply associated with the TV had a propensity to malfunction and start a fire.

29.     As a direct and proximate result of Sony's breach of these implied warranties, a fire occurred in Moore's home, which caused damage to Moore's real and personal property in an amount in excess of $180,000.

WHEREFORE, Plaintiff, Jay Moore, demands judgment against Defendant, Sony Electronics, Inc., in an amount in excess of one hundred eighty thousand dollars ($180,000), together with interest and costs, and for all other just and proper relief in the premises under Fed. R. Civ. P. 54(c).

5

## COUNT V – VIOLATION OF MAGNUSON – MOSS WARRANTY ACT ("MMWA") 15 U.S.C. §§ 2301-2312 (2000)

30.     Moore repeats and realleges paragraphs 1 through 29, and sets them forth as paragraph 30.

31.     When Sony sold the TV that Moore bought, Sony knew of the particular purpose for which the TV was intended.  In addition, Sony impliedly warranted the TV as merchantable and fit for its particular purpose.

32.     Moore complied with the terms of Sony's implied warranties by only using the TV for its ordinary and intended purpose.

33.     The defective TV and power supply associated with the TV had a propensity to malfunction and start a fire.  This defect was covered by Sony's implied warranties for the TV under the MMWA.

34.     Sony was aware for years of the problems with the dangerous, defective TV and power supply associated with the TV, which had a propensity to malfunction and start a fire.

35.     Specifically, at the time of the sale to Moore, Sony was aware of the problems with the dangerous, defective TV and powe r supply associ ated with the TV, which  had a propensity to malfunction and start a fire.

36.     As a direct and proximate result of Sony's breach of implied warranties under the MMWA, a fire occurred in Moore's home, which caused damage to Moore's real and personal property in an amount in excess of $180,000.

WHEREFORE, Plaintiff, Jay Moore, demands judgment against Defendant, Sony Electronics, Inc., in an amount in excess of one hundred eighty thousand dollars ($180,000), together with interest and costs, expenses, attorney fees, and for all other just and proper relief in the premises under Fed. R. Civ. P. 54(c).

## JURY DEMAND

Moore demands trial by jury for all matters so triable under Fed. R. Civ. P. 38.

Respectfully submitted,

**CARSON BOXBERGER LLP**

Kevin P. Podlaski #25168-02
J. Blake Hike #28602-02
*Attorney for Plaintiffs*
1400 One Summit Square
Fort Wayne, Indiana 46802
Telephone:  (260) 423-9411

F:\K\KPP\Insurance\Subrogation - Moore v. Sony\Pleadings\MOORE V SONY DRAFT COMPLAINT - FINAL.doc