UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JAY MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:11-CV-180 |
| | ) | |
| SONY ELECTRONICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is an Agreed Motion for Protective Order (Docket # 24), seeking approval of a stipulated Protective Order (Docket # 23). As the proposed order, which extends beyond the discovery phase of the proceedings, is deficient in several ways, it will be DENIED.

First, the order's definition of "confidential information" is too broad. It allows Defendant Sony Electronics, Inc., to designate as "confidential" any materials "related to the sale, design, manufacture, or testing of any Sony product or components . . . ." Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). While certainly good cause exists to seal much of that material, for example, "engineering, detail and assembly drawings, internal specifications and similar technical information" (Proposed Protective Order 1), the Court is not yet convinced that all materials "related to the sale" of Sony products needs to be protected. Of course, under *Cincinnati Insurance*, a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1

(S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).

Furthermore, the use of the phrase "considers confidential and desires not to be made public" in connection with the definition of "confidential information" does not adequately narrow the field.

> 'Non-public' is too vague. If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors. . . . If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available. They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material.

*Cook*, 206 F.R.D. at 248-49. For material to be protected, it "must give the holder an economic advantage and threaten a competitive injury–business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.*; *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. March 28, 2003) ("[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).)

In addition, the proposed order seeks to cause documents "containing" confidential information to be filed under seal (Proposed Protective Order ¶ 6 ), rather than solely protecting the actual confidential material through redaction. *See Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not

confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document). The Court cannot approve a protective order that leaves a party with a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal." *Id*. at 944. The Seventh Circuit Court of Appeals has repeatedly held that such overly broad protective orders are invalid. *See, e.g., id.* at 945.

And finally, *Cincinnati Insurance* specifies that protective orders may only issue if the order "makes explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Id.* at 946. Here, the proposed order contains no such language.

It is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* at 945-46. The Seventh Circuit Court of Appeals has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). As a result, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2.

For these reasons, the Court hereby DENIES the Agreed Motion for Protective Order (Docket # 24), seeking approval of the stipulated protective order submitted by the parties (Docket # 23). Of course, the parties may submit a revised protective order consistent with the

3

requirements of Rule 26(c)(7) and Seventh Circuit case law.

      SO ORDERED.

      Enter for this 6th day of October, 2011.

                                                                     S/ Roger B. Cosbey
                                                                     Roger B. Cosbey,
                                                                       United States Magistrate Judge